IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK GARCIA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>PEDRO ARMANDO VASQUEZ-HERNANDEZ )<br>and RANKIN ROAD, INC., )<br>)<br>    Defendants. ) | CIVIL ACTION<br><br>FILE No. |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.  Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.  Plaintiff is disabled as defined by the ADA.

4.  Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property ("Advocacy Purposes").

7. Defendant, PEDRO ARMANDO VASQUEZ-HERNANDEZ (hereinafter "PEDRO ARMANDO VASQUEZ-HERNANDEZ"), is an individual who transacts business in the State of Texas and within this judicial district.

8. Defendant, PEDRO ARMANDO VASQUEZ-HERNANDEZ, may be properly served with process via service, to wit: 15823 Northtrace Drive, Houston, TX 77073.

9. Defendant, RANKIN ROAD, INC. (hereinafter "RANKIN ROAD, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

10. Defendant, RANKIN ROAD, INC., may be properly served with process via its registered agent for service, to wit: Kamal Darvishi, Registered Agent, 6100 Westheimer #144, Houston, TX 77057.

**FACTUAL ALLEGATIONS**

11. On or about August 12, 2019, Plaintiff was a customer at "2 Tierras Restaurant" a business located at 313 Rankin Road, Houston, TX 77073, referenced herein as "2 Tierras Restaurant". *See* Receipt attached as Exhibit 1.

12. On or about February 1, 2020, Plaintiff returned as a customer to "2 Tierras Restaurant" a business located at 313 Rankin Road, Houston, TX 77073. *See* Receipt attached as Exhibit 2. See also photo of Plaintiff attached as Exhibit 3.

13. 2 Tierras Restaurant is operated by Defendant, PEDRO ARMANDO VASQUEZ-HERNANDEZ.

14. PEDRO ARMANDOVASQUEZ-HERNANDEZ is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

15. RANKIN ROAD, INC. is the owner or co-owner of the real property and improvements that 2 Tierras Restaurant is situated upon and that is the subject of this action, referenced herein as the "Property."

16. Plaintiff's access to the business(es) located 313 Rankin Road, Houston, TX 77073, Harris County Property Appraiser's account number 0440320010001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at 2 Tierras Restaurant and the Property, including those set forth in this Complaint.

17. Plaintiff has visited 2 Tierras Restaurant and the Property twice before as a customer and advocate for the disabled. Plaintiff intends on revisiting 2 Tierras Restaurant and the Property after he is informed the Property is made accessible. The purpose of the revisit is to be a return customer, to determine if and when 2 Tierras Restaurant and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18. Plaintiff intends on revisiting 2 Tierras Restaurant and the Property to purchase goods and/or services as a return customer, as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19. Plaintiff travelled to 2 Tierras Restaurant and the Property twice as a customer and as an independent advocate for the disabled, encountered the barriers to access at 2 Tierras Restaurant and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at 2 Tierras Restaurant and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers,

4

        overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    \* \* \* \* \*

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.     2 Tierras Restaurant is a public accommodation and service establishment.

26.     The Property is a public accommodation and service establishment.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

29. 2 Tierras Restaurant must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed 2 Tierras Restaurant and the Property in his capacity as a customer of 2 Tierras Restaurant and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at 2 Tierras Restaurant and the Property that preclude and/or limit his access to 2 Tierras Restaurant and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit 2 Tierras Restaurant r and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at 2 Tierras Restaurant and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at 2 Tierras Restaurant and the Property that preclude and/or limit his access to 2 Tierras Restaurant and the Property and/or the goods, services, facilities, privileges, advantages and/or

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of 2 Tierras Restaurant and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., are compelled to remove all physical barriers that exist at 2 Tierras Restaurant and the Property, including those specifically set forth herein, and make 2 Tierras Restaurant and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to 2 Tierras Restaurant and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of 2 Tierras Restaurant and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) The access aisle and the accessible parking space near Unit E are not level due to the presence of a ramp in the access aisle and the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it

dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Unit E, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii) The accessible parking space near Unit E is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv) The Property has a ramp leading from the accessible parking space near Unit E to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of Section 405.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v) There is an accessible parking space near Unit G that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(vi) The Property lacks an accessible route from accessible parking space Near Unit G to the accessible entrance of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vii) There are changes in level in the Property exceeding ½ (one-half) inch that are not ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically,

(viii)     there is an approximately 1 (one) inch vertical rise at the entrance to the Property that is not ramped, thus rendering the Property inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(viii)     Due to the placement of tables, the interior of the Property has walking surfaces leading to the restrooms lacking a 36 (thirty-six) inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(ix)     The door to the restroom area of the Property lacks a proper minimum maneuvering clearance, due to a policy of storing highchairs in close proximity to the door, in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(x)     The interior of the Property has walking surfaces lacking a 36 (thirty-six) inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xi)     Due to the accessible barrier present at the accessible entrance, the Property lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of Section 206.2.1 of the 2010 ADAAG standards.

(xii)     The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards.

(xiii)   There is not at least one accessible entrance to each tenant space in the building that complies with Section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(xiv)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**SOCCER LOCKER RESTROOMS**

(i)   The Property lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii)   Restrooms have a vanity with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iii)   The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(iv)   The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v)   The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii) Due to the positioning of the toilet, the grab bars/handrails are not positioned in accordance with Sections 609.4 and 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at 2 Tierras Restaurant and the Property.

37. Plaintiff requires an inspection of 2 Tierras Restaurant and the Property in order to determine all of the discriminatory conditions present at 2 Tierras Restaurant and the Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to 2 Tierras Restaurant and the Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at 2 Tierras Restaurant and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at 2 Tierras Restaurant and the Property is readily achievable because Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD,

11

INC., have the financial resources to make the necessary modifications as the Property Appraiser lists the Market Value of the Property at $1,398,367.00.

42. Upon information and good faith belief, 2 Tierras Restaurant and the Property have been altered since 2010.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at 2 Tierras Restaurant and the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., to modify 2 Tierras Restaurant and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, PEDRO ARMANDO VASQUEZ-HERNANDEZ, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, RANKIN ROAD, INC., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, PEDRO ARMANDO VASQUEZ-HERNANDEZ and RANKIN ROAD, INC., to (i) remove the physical barriers to access and (ii) alter the subject 2 Tierras Restaurant and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 14, 2020

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com